UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOUR GIRL FRIDAY, LLC,                )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )      Case No. 06-0385
                                      )      Judge Ellen Segal Huvelle
MGF HOLDINGS, INC. *et al.*,          )
                                      )
          Defendants.                 )
_____      )

**RESPONSE OF YOUR GIRL FRIDAY, LLC**
**TO ORDER TO SHOW CAUSE**

For months now, Defendants[1] have avoided their obligations under a settlement agreement

executed in connection with a frivolous trademark action that Defendants initiated in this Court. *See*

*MGF Holdings, Inc. v. Your Friday, LLC*, No. 05-1338 (the "Trademark Action," filed on July 5, 2005).

When the parties last appeared before Your Honor on January 10, 2006, counsel for Defendant

MGF (a corporation) withdrew from the Trademark Action, leaving MGF unable to proceed further

with that action. Plaintiff Your Girl Friday, LLC ("YGF") did its part to eliminate this case from the

Court's docket by dismissing without prejudice its amended counterclaims, and the case thereafter

was deemed "CLOSED." *See* Case No. 05-1338, Dkt. Sheet & Dkt. #23. YGF then brought a

$50,000 breach of contract action against Defendants in the Superior Court of the District of

Columbia ("State Court"). After Defendants defaulted in the State Court action, Defendant

Collinsworth removed the case back to this Court.

Defendant Collinsworth has improperly used the removal jurisdiction of this Court for the

sole purpose of avoiding a default judgment and delaying the State Court proceedings. This case

---

[1]    "Defendants" refers collectively to MGF Holdings, Inc. ("MGF" if referred to individually)
and Julie Collinsworth a/k/a Julie Hagenmaier, Julie Collinsworth Hagenmaier, and Julie
Hagenmaier Collinsworth ("Collinsworth" if referred to individually).

therefore should be remanded to the State Court forthwith because: (1) this Court lacks subject matter jurisdiction over YGF's state-law-based breach of contract claim against the Defendants; and, (2) in the alternative, Defendant MGF was required to independently and unambiguously consent to the removal of this action, and it has not done so.[2]

## BACKGROUND

On July 5, 2005, at the direction, and in the sole discretion of, Defendant Collinsworth, MGF initiated a trademark infringement action in this Court, alleging that MGF had cognizable rights in the purported mark "MY GIRL FRIDAY" and that YGF allegedly was infringing on those rights. *See* Compl., ¶¶ 1-2, 26-27.[3] The parties eventually settled the matter for $50,000.00 and so informed the Court. *Id.*, ¶¶ 38-40. The parties thereafter entered into a "binding" and "enforceable" settlement agreement on September 9, 2005, which memorialized the "princip[al] terms" of the settlement. *Id.*, ¶¶ 2-3, 36-37 & Exh. 1. On October 25, 2005, Defendants repudiated the settlement agreement. *Id.*, ¶ 42. MGF's counsel ultimately moved to withdraw from the Trademark Action, citing MGF's failure to pay its legal bills. *Id.*, Dkt. ## 20, 21. Defendant Collinsworth consented to the withdrawal (*id.*) and did not inform the Court that MGF intended to retain other counsel. *See* Local Rule 83.6(c). The Court granted MGF's counsel's motion to withdraw, leaving MGF unrepresented by counsel and therefore unable to proceed further in the Trademark Action. *See* Case No. 05-1338, Jan. 10, 2006 Minute Order. To facilitate the removal of the Trademark Action from Your Honor's docket, YGF dismissed without prejudice its amended counterclaims against MGF on January 26, 2006. Compl., ¶¶ 5, 34. According to the Docket Sheet in the Trademark Action, the case was then "CLOSED." *See* Case No. 05-1338, Dkt. Sheet.

---

[2]    On March 20, 2006, this Court issued a show-cause order asking Plaintiff Your Girl Friday, LLC ("YGF") to "show[] cause why this case should not be removed to federal court . . . ." Dkt. #3.

[3]    "Compl." refers to the complaint filed by YGF in the State Court and attached to Defendant Collinsworth's Notice of Removal as Exhibit A.

On January 27, 2006, YGF filed an action against Defendants in State Court alleging only one cause of action: breach of contract. Compl., ¶¶ 50-57. As damages, YGF sought $50,000 for the breach of contract claim, together with interest, costs, expenses, and attorneys' fees. *Id.*, Prayer for Relief (p. 14). On February 1, 2006, Defendants were served with the complaint, making their responsive pleading due not later than February 21, 2006.[4] Defendants failed to file a responsive pleading by February 21 and are therefore in default in the State Court action.[5]

On March 3, 2006, and to avoid entry of a default judgment, Defendant Collinsworth filed a Notice of Removal pursuant to 28 U.S.C. § 1441. *See* Notice of Removal, ¶ 8 & Prayer for Relief (p. 3). In her Notice, Defendant Collinsworth contends that there are three bases for federal jurisdiction over YGF's contract claim: (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331; (2) diversity jurisdiction pursuant to 28 U.S.C. § 1332; and, (3) supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *See* Notice of Removal, ¶¶ 3-5. In addition, Defendant Collinsworth—on behalf of MGF, a corporation—purported to consent to removal of the State Court action. *Id.*, ¶ 7. However, Defendant MGF is not represented by counsel in these removal proceedings (or in the State Court action), did not sign the Notice of Removal, and has not separately appeared in this Court and independently consented to removal (through a pleading or otherwise).

---

[4]    *See* Exh. 1 (attached hereto) (Superior Court Docket Sheet). Thus, Defendant Collinsworth misstates the record in alleging that she and Defendant MGF were served on February 10, 2006. *See* Notice of Removal, ¶¶ 2, 6.

[5]    After the February 21 deadline passed, Defendants attempted to file a motion for an extension of time to file a responsive pleading, but the State Court struck the pleading "because it was not filed with the Clerk of the Civil Division . . . ." Exh. 2 (attached hereto). The State Court further ordered that "no filing may be submitted to the Court *pro se* on behalf of the corporate Defendant MGF Holdings pursuant to D.C. Superior Court Civil Procedure Rule 101, which states '[n]o corporation shall appear in the [Civil] Division except through a [District of Columbia attorney]." *Id.*

## STANDARD OF REVIEW

A civil action initiated in state court is properly removed to federal court only if the federal court has subject matter jurisdiction and the removing party complies with the procedural requirements of 28 U.S.C. § 1446. "The party seeking removal of an action bears the burden of proving that jurisdiction exists in federal court." *Bhagwanani v. Howard Univ.*, 355 F. Supp. 2d 294, 297 (D.D.C. 2005). "Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed." *Kopff v. World Research Group, LLC*, 298 F. Supp. 2d 50, 54 (D.D.C. 2003). Remand is "mandatory" if this Court lacks subject matter jurisdiction. *See Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002). As a matter of removal procedure, this Court follows the "rule of unanimity," which requires all served defendants to "independently" and "unambiguous[ly]" consent to the removal of an action from state court. *See Phillips v. Corrections Corp. of Am.*, 407 F. Supp. 2d 18, 20-21 (D.D.C. 2005); *Kopff*, 298 F. Supp. 2d at 54; *Williams v. Howard Univ.*, 984 F. Supp. 27, 29-30 (D.D.C. 1997). Failure of all defendants to consent within the 30-day removal period prescribed by 28 U.S.C. § 1446(b) mandates remand. *See Phillips*, 407 F. Supp. 2d at 21 (remanding case to D.C. Superior Court where all defendants did not timely consent to removal); *Williams*, 984 F. Supp. at 29 ("Unless all defendants express such consent to removal in a timely manner, the removal procedure is defective.").

## ARGUMENT

### I.    THERE IS NO BASIS FOR FEDERAL JURISDICTION OVER YGF'S STATE-LAW-BASED BREACH OF CONTRACT CLAIM.

#### A.    There is No Federal Question Jurisdiction.

The federal question statute provides that: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It is well-established that "[t]he 'vast majority' of the cases that arise under federal law are those where the cause of action is actually created by federal law." *Bhagwanani*, 355 F. Supp.

4

2d at 298. However, there is an exception to this rule in a "small class of cases" where the right of action is not created by federal law, but by state law. *Id.* Two requirements must be met to come within the exception: "'(1) . . . the plaintiff's right to relief [under state law] necessarily depends on a question of federal law, and (2) that the question of federal law is substantial.'" *Id.* at 299 (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004) (*en banc*)); *accord Rogers v. Platt*, 814 F.2d 683, 688 (D.C. Cir. 1987). In determining whether YGF's right to relief under state law "depends on a question of federal law," this Court applies the well-pleaded complaint rule. Under that rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *International Union of Bricklayers & Allied Craftworkers v. Insurance Co. of the West*, 366 F. Supp. 2d 33, 36 (D.D.C. 2005).

A plain reading of YGF's breach of contract complaint confirms that its right to relief does not depend at all on any "question of federal law." YGF has brought a straightforward, state-law-based cause of action for breach of a settlement agreement. *See* Compl., ¶¶ 2-3, 36-37, 42-44, 50-57.[6] That the settlement agreement was reached in a federal trademark action initiated by Defendant MGF in this Court, *id.*, implicates no issue of federal law. To the contrary, the questions of whether MGF has cognizable trademark rights and whether YGF infringed those rights have no bearing on Defendants' liability for wrongfully repudiating the settlement agreement. *Id.*, ¶ 43.[7] Resolution of YGF's breach of contract claim thus turns exclusively on state law.

---

[6]    District of Columbia law unquestionably applies to the interpretation of the parties' settlement agreement because the agreement was to be performed within the District. *See Samra v. Shaheen Business & Inv. Group, Inc.*, 355 F. Supp. 2d 483, 498-500 (D.D.C. 2005) (setting forth the choice-of-law rules governing settlement agreements).

[7]    YGF could assert the settlement as a defense to the Trademark Action, but that is not a sufficient basis for "arising under" jurisdiction, even assuming the Trademark Action is a live case or controversy. *See Caterpillar, Inc. v. Williams*, 438 U.S. 386, 393 (1987); *Williams v. Purdue Pharma Co.*, No. 02-556, 2003 WL 24259557, at *3 (D.D.C. Feb. 27, 2003); *see* Part I.C, *infra* (demonstrating that the Trademark Action is no longer a live case or controversy).

**B.      There is No Diversity Jurisdiction.**

This Court does not have diversity jurisdiction over YGF's breach of contract claim because Defendant Collinsworth has not met her burden of proving that the amount in controversy exceeds $75,000 as of March 3, 2006, the date of removal. *See* Dkt. #1. Where, as here, a removing party claims that removal is proper on the basis of diversity jurisdiction, the party seeking removal bears the burden of demonstrating that the amount in controversy exceeds $75,000, exclusive of interest and costs, at the time of removal. *See* 28 U.S.C. § 1332(a); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938); *Kopff*, 298 F. Supp. 2d at 57. A federal court may not speculate as to whether the amount-in-controversy requirement is met, and all doubts are resolved in favor of remand. *See, e.g., Walker v. Waller*, 267 F. Supp. 2d 31, 33 (D.D.C. 2003) ("[T]he undersigned finds no authority for including speculative attorneys fees in the amount in controversy."); *Johnson-Brown v. 2200 M Street, LLC*, 257 F. Supp. 2d 175, 177 (D.D.C. 2003) ("Where the need to remand is not self-evident, the court must resolve any ambiguities concerning the propriety of removal in favor of remand.").

As alleged in the complaint, YGF seeks judgment on its contract claim in the amount of $50,000, plus reasonable attorneys' fees, costs, and expenses and pre- and post-judgment interest. *See* Compl., Prayer for Relief (p. 14). Plainly, YGF's contract claim does not exceed $75,000, and § 1332(a) expressly excludes "interest and costs" from the amount-in-controversy calculation. That leaves only the question of whether YGF has incurred in excess of $25,000.00 in recoverable attorneys' fees and expenses as of the date of removal. Defendant Collinsworth has failed to meet her burden of proving that YGF has incurred attorneys' fees and expenses in that amount.

"The general rule is that attorneys fees do not count towards the amount in controversy unless they are allowed for by statute or contract." *Brand v. Government Employees Ins. Co.*, No. 04-1133, 2005 WL 3201322, at *6 (D.D.C. Nov. 29, 2005). Here, the settlement agreement permits the

recovery of attorneys' fees, as follows: "If a Party seeks judicial enforcement of this letter agreement, then the prevailing party shall be entitled to reasonable attorneys' fees, costs, and expenses arising out of or related to the enforcement action." Compl., Exh. 1, ¶ 8. However, Defendant Collinsworth does not allege in her Notice of Removal that YGF has, as of March 3, 2006, incurred in excess of $25,000 in attorneys' fees and expenses to enforce the settlement agreement.[8] Defendant Collinsworth's failure to meet her burden of proof is sufficient, standing alone, to remand this case. *See, e.g., Garbie v. Chrysler Corp.*, 8 F. Supp. 2d 814, 820 (N.D. Ill. 1998); *Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1198-99 (N.D. Cal. 1998).

In any event, as of March 3, 2006, YGF has incurred $1,640.76 in attorneys' fees and expenses in connection with enforcing the settlement agreement. *See* Declaration of Stacia M. Linde, ¶ 2 (attached hereto as Exhibit 3).[9] Thus, the amount in controversy at the time of removal ($51,640.76) indisputably comes nowhere close to $75,000.

---

[8]    Instead, Defendant Collinsworth speculates that YGF "seeks a total amount well in excess of $75,000.00, based on asserted allegations pertaining to fraudulent representations and concealment of material facts." Notice of Removal, ¶ 4. Of course, YGF has not brought a fraud action against Defendants, and nothing on the face of YGF's complaint suggests that it seeks "in excess of $75,000.00" for breach of contract. Defendant Collinsworth further speculates that unspecified "statements made by the attorney for YGF" suggest that YGF seeks in excess of $75,000. *Id.* Putting aside the falsity of this allegation, Defendant Collinsworth offers no evidence (because there is none) to support the claim.

[9]    At Paragraphs 5 and 49 of its complaint, YGF alleges that it has incurred "substantial" and "significant" attorneys' fees, expenses, and costs in defending itself against Defendants' wrongful conduct. These paragraphs self-evidently refer to attorneys' fees, expenses, and costs that YGF incurred in defense of the frivolous Trademark Action initiated by Defendants. Nowhere in the complaint does YGF allege that it has incurred "substantial" or "significant" attorneys' fees and expenses in connection with judicial enforcement of the settlement agreement. To the contrary, YGF alleged only that it had incurred "reasonable" attorneys' fees and expenses as of the date that the State Court action was filed. *See* Compl., ¶ 57 ("To date [January 27, 2006], Plaintiff has incurred reasonable attorneys' fees, costs, and expenses to enforce its rights under the Agreement.").

## C.    There is No Basis for Exercising Supplemental Jurisdiction.

This Court does not have supplemental jurisdiction over YGF's state-law-based breach of contract claim. The supplemental jurisdiction statute provides in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). The Supreme Court has held that supplemental jurisdiction is proper only where the federal and state law claims "derive from a common nucleus of operative fact" so that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *accord Egilman v. Keller & Heckman, LLP*, 401 F. Supp. 2d 105, 114 (D.D.C. 2005). Moreover, the supplemental jurisdiction statute is not a substitute for diversity jurisdiction where, as here, diversity jurisdiction does not exist. *See* Part I.B, *supra*; *Mitchell v. Yates*, 402 F. Supp. 2d 222, 235 (D.D.C. 2005) ("[T]he Court believes that, in the interests of comity, federal judges should refrain from deciding cases founded solely on local law when the requirements for diversity jurisdiction are not present, as is the case here."); *accord Jankovic v. International Crisis Group*, No. 04-1198, 2005 WL 3276227, at *3 n.4 (Aug. 23, 2005) ("[B]ecause the Court will conclude that the plaintiffs cannot maintain this action under the diversity statute, Section 1367 also fails to provide a basis for this Court having subject matter jurisdiction."). Ultimately, this Court retains considerable discretion whether to exercise supplemental jurisdiction over YGF's breach of contract claim and may remand this case to the State Court if remand "'better serve[s] the interests of judicial economy, convenience, and fairness to the litigants.'" *Egilman*, 401 F. Supp. 2d at 114 (quoting *Brown v. Gino Morena Enters.*, 44 F. Supp. 2d 41, 52 (D.D.C. 1999)).

There are several independent reasons to decline to exercise supplemental jurisdiction in this case. First, Defendant MGF (a corporation) could no longer proceed with the Trademark Action after its counsel withdrew from the case, YGF dismissed without prejudice its amended

counterclaims, and the Docket Sheet reflects that the case is "CLOSED." *See* Case No. 05-1338, Dkt. Sheet; *Rowland v. California Dept. of Corrections*, 506 U.S. 194, 202 (1993) (corporation must be represented by counsel in federal court). As such, there is no live case or controversy within this Court's original jurisdiction that would be the basis for exercising supplemental jurisdiction. *See, e.g., Mitchell*, 402 F. Supp. 2d at 235 (declining to exercise supplemental jurisdiction over state law claims after federal claims dismissed).

Second, assuming the Trademark Action were a live case or controversy, YGF's breach of contract action does not "derive from a common nucleus of operative fact" such that YGF "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers*, 383 U.S. at 726; *Egilman*, 401 F. Supp. 2d at 114. As we demonstrated in Part I.A, *supra*, the facts underlying YGF's breach of contract action do not overlap in any way with Defendants' Trademark Action. Thus, there is no "common nucleus of operative fact" between the two actions sufficient to justify the exercise of supplemental jurisdiction over YGF's state-law breach of contract action.

Third, as we demonstrated in Part I.B, *supra*, this Court lacks diversity jurisdiction. It is well established in this Court that § 1367 cannot cure that jurisdictional defect. *See Mitchell*, 402 F. Supp. 2d at 235; *Jankovic*, No. 04-1198, 2005 WL 3276227, at *3 n.4.

Fourth, this case cries out for the Court to decline federal jurisdiction in the exercise of its discretion. YGF was the target of a frivolous federal lawsuit. YGF defended itself vigorously and was pleased to reach a settlement of the case. Unfortunately, since that settlement was reached, Defendants have played a game of deception and delay, refusing to live up to their obligations under the settlement agreement. In the face of Defendants' strategy, YGF's only remedy was to seek judicial enforcement of the settlement agreement, and it did so by filing the State Court action. Yet, Defendant Collinsworth once again thwarted YGF's pursuit of its contractual rights, this time invoking the removal jurisdiction of this Court only <u>after Defendants defaulted in the State Court</u>

action. Defendant Collinsworth's delay tactic should not be rewarded. This case should be remanded to the State Court for want of federal jurisdiction.

## II. ALTERNATIVELY, REMAND IS REQUIRED BECAUSE DEFENDANT MGF HAS NOT INDEPENDENTLY CONSENTED TO THE REMOVAL OF THIS ACTION.

In the alternative, this case should be remanded to the State Court because Defendant MGF, a corporation, has not "independently" and "unambiguous[ly]" consented to Defendant Collinsworth's removal of this action within 30 days of being served with YGF's complaint, as required by well-established precedents of this Court. *See Phillips*, 407 F. Supp. 2d at 20-21 (remanding to state court for failure to timely obtain consent from all defendants); *Kopff*, 298 F. Supp. 2d at 54 (same); *Williams*, 984 F. Supp. at 29-30 (same). Defendant MGF was served with YGF's complaint on February 1, 2006, and it therefore **must** consent to the removal of this action. *See* Exh. 1 (Superior Court Docket Sheet); 28 U.S.C. § 1446(a), (b); *Williams*, 984 F. Supp. at 29-30. In her Notice of Removal, Defendant Collinsworth purports to provide that consent because she is the "authorized chief executive official of MGF." Notice of Removal, ¶ 7.

However, Defendant Collinsworth's purported consent on behalf of Defendant MGF is defective as a matter of law. Unable to obtain counsel for MGF, Defendant Collinsworth attempts an end-run around the "law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland*, 506 U.S. at 202; *accord Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 166 n.1 (D.C. Cir. 1990); *Flynn v. Thibodeaux Masonry, Inc.*, 311 F. Supp. 2d 30, 37 (D.D.C. 2004). As a *pro se* defendant herself, Defendant Collinsworth cannot consent to the removal of this action on behalf of MGF. Instead, only an attorney separately representing Defendant MGF can provide this Court with the required "independent" consent to removal. *See Codapro Corp. v. Wilson*, 997 F. Supp. 322, 326-27 (E.D.N.Y. 1998) (rejecting argument of *pro se* defendant (an attorney) that the corporate defendants consented to removal and remanding case to

state court; "only retained counsel could have acted on behalf of [the defendant] corporations" and consented to removal). No person has entered an appearance in this case purporting to separately represent Defendant MGF and express MGF's "independent[]" and "unambiguous" consent to removal.[10] Remand therefore is required on this alternative ground.

## CONCLUSION

For the foregoing reasons, good cause exists to remand this case to the Superior Court of the District of Columbia because (1) this Court lacks subject matter jurisdiction over YGF's breach of contract action, or, alternatively, (2) Defendant MGF did not properly consent to the removal of this action.

Dated  March 31, 2006
        Washington, D.C.

Respectfully submitted,

/s/ Ugo Colella
Ugo Colella (D.C. Bar No. 473348)
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
Phone: (202) 457-5693
Fax:   (202) 457-6315

*Attorney for Plaintiff*
*Your Girl Friday, LLC*

---

[10]    Even if counsel for Defendant MGF entered an appearance at this time, it would be too late because the 30-day removal period prescribed in 28 U.S.C. § 1446(b) expired on March 3, 2006. *See* Exh. 1 (Superior Court Docket Sheet) (Defendant MGF served on February 1, 2006).

# Exhibit 1

Date: 03/15/2006   09:55:37              Docket Sheet              Page: 1

CRTR5925                                    Summary

---

| Case Number | Status | Judge |
|---|---|---|
| 2006 CA 000549 B | Open | MORIN, ROBERT E |

| In The Matter Of | Action |
|---|---|
| YOUR GIRL FRIDAY LLC  Vs. MGF HOLDINGS INC et al | Complaint for Breach of Contract Filed |

| Party | | Attorneys |
|---|---|---|
| YOUR GIRL FRIDAY LLC | PLNTF | COLELLA, Mr UGO A |
| MGF HOLDINGS INC | DFNDT | |
| COLLINGSWORTH, JULIE | DFNDT | PRO SE |
| HAGENMAIER, JULIE | AKA | |
| COLLINGSWORTH-HAGENMAIER, JULIE | AKA | |
| HAGENMAIER COLLINSWORTH, JULIE | AKA | |

| Opened | Disposed | Case Type |
|---|---|---|
| 01/27/2006 | Undisposed | Civil II |

Comments:

---

| No. | Date of Journal | Pleadings Filed, Orders and Decrees Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 1 | 03/03/06 | Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim Upon Which Relief Can be Granted Filed Attorney: PRO SE (999999) JULIE COLLINGSWORTH (Defendant);  Receipt: 30688  Date: 03/08/2006 | 20.00 | 0.00 |
| 2 | 03/03/06 | Motion to Disqualify UGO Colella from Serving as Attorney for Plaintiff Your Girl Friday, LLC Filed Attorney: PRO SE (999999) JULIE COLLINGSWORTH (Defendant);  Receipt: 30688  Date: 03/08/2006 | 20.00 | 0.00 |
| 3 | 02/28/06 | Order Sua Sponte to/for:  Entered on Docket on 2/28/06.  Ordered that Defendant's Motion for Extension of Time received in Chambers February 23, 2006, is STRICKEN, because it was not filed with the Clerk of Civil Division.  Order signed in chambers by Judge Morin on 2/27/06 and copies thereof mailed to parties of record on 2/28/06 by chamber staff.  lyg | 0.00 | 0.00 |

Date: 03/15/2006   09:55:37              Docket Sheet              Page: 2

CRTR5925                                  Summary

2006 CA 000549 B    YOUR GIRL FRIDAY LLC   Vs. MGF HOLDINGS INC et al

---

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr        Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------|-----------------|-------------|

4    02/10/06 Proof of Service                                          0.00             0.00
              Method    : Service Issued
              Issued    : 02/01/2006
              Service   : Summons Issued
              Served    : 02/01/2006
              Return    : 02/10/2006
              On        : COLLINGSWORTH, JULIE
              Signed By :

              Reason    : Proof of Service
              Comment   :

              Tracking #: 5000011521


5    02/10/06 Affidavit of Service of Summons &                         0.00             0.00
              Complaint on
              JULIE COLLINGSWORTH (Defendant);


6    02/10/06 Proof of Service                                          0.00             0.00
              Method    : Service Issued
              Issued    : 02/01/2006
              Service   : Summons Issued
              Served    : 02/01/2006
              Return    : 02/10/2006
              On        : MGF HOLDINGS INC
              Signed By :

              Reason    : Proof of Service
              Comment   :

              Tracking #: 5000011520


7    02/10/06 Affidavit of Service of Summons &                         0.00             0.00
              Complaint on
              MGF HOLDINGS INC (Defendant);


8    02/01/06 Issue Date: 02/01/2006                                    0.00             0.00
              Service: Summons Issued
              Method: Service Issued
              Cost Per: $


              MGF HOLDINGS INC
              319 W. 4th Street, Suite 200
              CINCINNATI, OH   45202
              Tracking No: 5000011520


              COLLINGSWORTH, JULIE
              217 Rainbow Ridge
              CINCINNATI, OH   45215
              Tracking No: 5000011521

```
Date: 03/15/2006  09:55:37          Docket Sheet              Page: 3
CRTR5925                              Summary

2006 CA 000549 B   YOUR GIRL FRIDAY LLC  Vs. MGF HOLDINGS INC et al
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 9 | 01/27/06 | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 04/28/2006    Time: 9:30 am<br>Judge: MORIN, ROBERT E    Location:<br>Courtroom 517 | 0.00 | 0.00 |
| 10 | 01/27/06 | Complaint for Breach of Contract Filed<br>Attorney: COLELLA, Mr UGO A (473348)<br>Receipt: 26216  Date: 01/27/2006 | 120.00 | 0.00 |

```
              Totals By:  Cost              160.00        0.00
                          Information          0.00        0.00
                  *** End of Report ***
```

# Exhibit 2

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **YOUR GIRL FRIDAY, LLC,** | ) | **Civil Case No. 06-549** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Calendar 12** |
| **v.** | ) | **Judge Robert E. Morin** |
| | ) | |
| **MGF HOLDINGS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Upon consideration of Defendant's Motion for Extension of Time received in

Chambers February 23, 2006, it is this *27th* day of February 2006, hereby,

**ORDERED** that this motion is STRICKEN, because it was not filed with the Clerk of

Civil Division; it is further,

**ORDERED** that no filing may be submitted to the Court *pro se* on behalf of the

corporate Defendant MGF Holdings pursuant to D.C. Superior Court Civil Procedure Rule

101, which states "[n]o corporation shall appear in the [Civil] Division except through a

[District of Columbia attorney].

_____
**Judge Robert E. Morin**
(Signed in Chambers)

Copies to:

Julie Collinsworth
MGF Holdings, Ltd.
319 W. Fourth Street
Suite 200
Cincinnati, OH 45202

Ugo Colella
Patton Boggs, LLP
2550 M Street, N.W.
Washington, DC 20037

DOCKETED In Chambers  FEB 2 8 2006

MAILED From Chambers  FEB 2 8



# Exhibit 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOUR GIRL FRIDAY, LLC,                )
                                      )
              Plaintiff,              )
                                      )
       v.                             )    Case No. 06-0385
                                      )    Judge Ellen S. Huvelle
MGF HOLDINGS, INC. *et al.*,          )
                                      )
              Defendants.             )
_____)

## DECLARATION OF STACIA M. LINDE

1.      My name is Stacia M. Linde and I am the principal of Plaintiff Your Girl Friday, LLC

("YGF"). I submit this Declaration in support of the Response of Your Girl Friday, LLC to Order

to Show Cause. I understand and believe the following matters to be true, through the date of this

Declaration, based on my personal knowledge. I have been assisted by my counsel in the phrasing

of this Declaration.

2.      The law firm of Patton Boggs LLP represents YGF in the breach of contract action

initiated in the Superior Court of the District of Columbia against MGF Holdings, Inc. and Julie

Collinsworth a/k/a Julie Hagenmaier, Julie Collinsworth Hagenmaier, and Julie Hagenmaier

Collinsworth (collectively, "Defendants"). I understand that the breach of contract action concerns

the written settlement agreement that YGF entered into with the Defendants on September 9, 2005.

As of March 3, 2006, Patton Boggs LLP has billed YGF $1,640.76 in attorneys' fees and expenses

that I understand were incurred in connection with enforcing the September 9, 2005 settlement

agreement.

1

I declare under penalty of perjury that the foregoing is true and correct, based on my knowledge, information, and belief.

Executed on this 30th day of March 2006.

_Stacia M. Linde_

Stacia M. Linde

District of Columbia : SS
Subscribed and sworn to before me
this 30th day of March, 2006
_Anne C. Stumpe_ Notary Public
ANNE C. STUMPE
My commission expires December 14, 2006

2

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2006, a copy of the foregoing Response of Your Girl Friday, LLC to Order to Show Cause, and accompanying exhibits, was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further hereby certify that on March 31, 2006, a true and correct copy of the foregoing Response of Your Girl Friday, LLC to Order to Show Cause, and accompanying exhibits, was served by e-mail and first-class mail upon:

MGF Holdings, Inc.
c/o Julie Collinsworth
319 W. 4th Street, Suite 200                  Julie@egirlfriday.com
Cincinnati, Ohio 45202

AND

Julie Collinsworth
217 Rainbow Ridge
Cincinnati, Ohio 45215


/s/
Ugo Colella