**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

| | |
|---|---|
| YOUR GIRL FRIDAY, LLC )<br>1802 Swann Street, N.W. Apt. B )<br>Washington, D.C. 20009 )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MGF HOLDINGS, INC., )<br>319 W. 4th St., Suite 200 )<br>Cincinnati, OH 45202 )<br>)<br>And )<br>)<br>JULIE COLLINSWORTH a/k/a JULIE )<br>HAGENMAIER, JULIE COLLINSWORTH )<br>HAGENMAIER, JULIE HAGENMAIER )<br>COLLINSWORTH, )<br>217 Rainbow Ridge )<br>Cincinnati, OH 45215 )<br>)<br>Defendants. ) | Case No. 06-0385<br><br>Judge Ellen Segal Huvelle |

**Reply to the Response to Show Cause**

Defendant Ms. Julie Collinsworth ("Defendant"), herein, files her Reply to the Response of Plaintiff Your Girl Friday, LLC ("YGF") to this Court's March 20, 2006, Order for YGF to Show Cause for why this above-captioned action should not be Removed from the Superior Court of the District of Columbia ("State Court") to this Court.

As to matters otherwise irrelevant to the present matter before the Court, Defendant respectfully foregoes the expenditure of otherwise unproductive time, energy, resources and pages to detail how, why and where YGF's counsel mischaracterizes and

RECEIVED
APR 10 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

misrepresents the integrity and actions of Defendant and/or MGF Holdings, Inc. ("MGF Holdings").[1]

Instead, this Reply explains why this Court had – in a prior Federal Case – and continues to have original federal jurisdiction in this matter. This Reply also details why Diversity Jurisdiction, as assessed based on the Original Complaint of YGF, exists. Finally, it in good faith discusses the absurd – if not questionable ethical – behavior of YGF to proclaim that Defendant is the *alter ego* of MGF Holdings for litigation purposes, but not for Consent for Removal purposes.

In presenting this Reply, Defendant questions the legitimacy of the approach of YGF relative to these proceedings. For example, if this Court were to truly scrutinize the actions of YGF, it would find that the only thing that Defendant did when Removing this case to this Court was to bring it back to this Court after YGF attempted to procedurally restrain the ability of two indigent Defendants – Ms. Collinsworth and MGF Holdings – from being accorded due process in order to defend themselves. Another example is that the same attorney representing YGF is the person who signed the settlement agreement as the authorized agent of YGF, and who can be expected to be called as a witness to the extent questions or issues of interpretation relative to the settlement agreement are brought into issue in this case.

---

[1] A few examples of YGF's counsel's irrelevant allegations against Defendants: Defendants defaulted in the State Court action (as opposed the State Court record that shows that a Motion to Dismiss for Personal Jurisdiction was timely filed by Defendant in State Court, based upon service of summons, as noted by the State Court, on February 10, 2006); MGF Holdings' trademark claim was frivolous (as opposed to the fact that it was based upon meritorious federal trademark claims that resulted in a settlement agreement, referred to herein as Federal Case Settlement Agreement); Defendants breached the Federal Case Settlement Agreement (as opposed to the fact that, as long as MGF Holdings did not make payment to YGF, YGF could continue to use the mark Your Girl Friday, and that no damages exist with respect to MGF Holdings' not paying YGF, which continues, to this day, to use the Your Girl Friday, mark).

To the extent that this Court finds the actions of YGF and/or its counsel to be questionable and/or actionable, Defendant asks this Court to do so relative to the integrity of the judicial process, as a whole, notably as it relates to the due process rights of indigent parties. In the event sanctions are ever levied against YGF and/or its counsel in this action, Defendant respectfully ask that they be used to promote the ability of indigent persons and entities to have their day in Court.

## This Court Had And Continues To Have Federal Jurisdiction

Introduction

Rather than Showing Cause for why this case should not be Removed, YGF has reinforced why this case should and must be Removed. YGF's Response is stunning because it is inaccurate, an entire about-face from the original complaint, contradictory, and a disingenuous account of the facts underlying this entire matter.

Applicable Law

Whether or not a federal court has removal jurisdiction over a matter originally filed in state court must be determined from the face of the plaintiff's well-pleaded complaint as it existed at the time of removal. *M. Nahas & Co.*, 930 F.2d at 611 (Federal jurisdiction exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint.); *accord United Farm Bureau Mut. Ins. Co., Inc. v. Human Relations Comm'n*, 24 F.3d 1008, 1014 (7th Cir. 1994) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed," quoting *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980), *cert. denied*, 450 U.S. (1981), and also citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939)); *Van Meter v. State Farm Fire & Cas. Co.*, 1 F.3d 445, 450 (6th Cir. 1993) ("Courts, including this one, have

interpreted [§ 1447(c)] as necessarily tied to a temporal reference point, namely, the time of removal."); Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 773 (9th Cir.) (Federal courts look to a plaintiff's pleadings to determine removability.), cert. denied, 479 U.S. 987 (1986).

What YGF Wants This Court To Ignore

At the outset, YGF alleges that this case has no connection to any federal action or issue. In principal, YGF attempts to ignore the fact that its State Court action was a direct result of a federal trademark case before this very Court, MGF Holdings, Inc. v. Your Girl Friday, LLC, Case No. 05-1338 (Huvelle, J.) ("Federal Case"). YGF wants this Court to ignore the fact that the State Court action was in direct relation to and because of an "interim" settlement agreement reached in relation to this Federal Case ("Federal Case Settlement Agreement"). Even more astonishing, this Federal Case Settlement Agreement specifically acknowledges, in ¶ 7, that, if anything, any cause of action in relation to it is properly to be presented in this Court. Specifically:

> In the event the above-captioned matter is placed back onto the (United States District Court for the District of Columbia) Court's docket, neither party shall object to the addition of any causes of action arising out of or related to this [Federal Case Settlement Agreement].

See Letter Agreement Memorializing Settlement of Federal Case (Exhibit. 1 – attached as and actual exhibit to the Original Complaint).

If anything, this Court should consider sanctions against YGF and/or its attorney for frivolously objecting to Removal of this matter.

YGF's Own Complaint Establishes Federal Jurisdiction

As stated above, it is the Complaint of plaintiff – YGF – at the time of the Removal request that must be interpreted to determine Removeability.

All this Court needs to do is to look at the Complaint of YGF to understand just how ridiculous it is for YGF to attempt to now argue that this matter has no relation to this Court, the Federal Case, which was the cause and result of the Federal Case Settlement Agreement that is the subject of the State Court action. In all respects, this case is not only Removable, but should have never been presented in any other tribunal than this Court.

Just look at the State Court Complaint filed by YGF! See Complaint, Civil Action Number 06-0060549 (Exhibit 1). If this Court were to look at the ¶¶, as presented in the Complaint, it would be obvious as to where jurisdiction of this matter properly lies – this Court. In doing so, this Court will be amazed at the number of times – approximately 70% of the ¶¶ included in the Complaint and some 117 separate statements – in which YGF either links and refers to the Federal Case, references federal trademark law, discusses the same parties at issue in relation to the Federal Case, attaches and references the Federal Case Settlement Agreement and otherwise provides overwhelming evidence dictating that – once again – this case should not only be Removed, but should have never been Removed, from this Court.[2]

### YGF's Own Response Supports Removal

YGF's Response to this Court's Show Cause Order further details why this matter is properly removed to this Court.

---

[2] What is more, this Court should consider whether, with respect to procedural manipulation and antics, YGF "hath dost protest too much". Notably, YGF, just one day after voluntarily dismissing the Federal Case, less than 24 hours later, filed the State Court action in an attempt to prevent Defendants due process to defend themselves.

On page 1 of its Response, YGF acknowledges that its entire cause of action against Defendants is in connection with a federal trademark action that Defendants brought before this Court.[3]

On page 2, among other statements, YGF's first Background statement admits that its entire case is based upon the "[federal] trademark infringement action in ***this Court***."

Additionally, this Court may find some dry humor on page 9 of YGF's response. On that page, YGF, in one sentence, clamors defiantly that there is no relation, whatsoever, between its State Court action and the Federal Case. Yet, almost immediately after writing that sentence, YGF complains that the entire matter at hand ***is because of*** the Federal Case and the Federal Case Settlement Agreement that was reached between the parties as a result of, because and due to the Federal Case.

Conclusion

For the foregoing reasons, this Court should find the Response of YGF to its Show Cause Order to be without merit. So meritless, in fact, that this Court should consider the issuance of sanctions against YGF for objecting to Defendant's actions to

---

[3] With all due respect, Defendant respectfully takes exception with the characterization of the Federal Case's Defendant's action against YGF as a "frivolous trademark action." If such action were so frivolous, then one would wonder why the fact, existence and reality of the Federal Case Settlement Agreement. And, though perhaps, premature to mention to this Court at this time, Defendant would like to point out to this Court that it is preposterous for YGF to think that it is entitled to some $50,000.00, attorney's fees, lost profits, and other damages, when the Federal Case Settlement Agreement was reached, the entire purpose of it was for YGF to no longer infringe on MGF Holdings, Ltd., federal trademark in lieu of – that is, once -- payment was made to YGF. Thus, if and given the fact that no payments have been made to YGF, YGF is not required – and has not as yet as of and to this case – ceased infringement of the trademark held by MGF Holdings, Ltd. As such, and in fact, no material or other consideration has ever been exchanged by and on behalf of the parties to trigger any obligations under the Federal Case Settlement Agreement!

Remove this matter to the tribunal from which it should have never been Removed in the first place.

### This Court Also Has Diversity Jurisdiction Over This Matter

Case law supports the fact that a claim cannot be dismissed for failing to meet the $75,000 requirement unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab.*, 303 U.S. 283 (1938)

That, in addition to the fact that Removal must be assessed based on the Complaint originally filed by YGF clearly shows that Diversity Jurisdiction lies in this matter.

Conveniently, YGF attempts to present some sort of unofficial "about-face" to retroactively limit the amount of damages it seeks through its Complaint. Notwithstanding, even this Defendant knows that Complaints are to be read and construed liberally.

Accordingly, the only Complaint upon which this Court has to assess the issue of Removal is YGF's original Complaint, which essentially not only requests $50,000.00, but "substantial" and "significant" attorney's fees, lost profits, and other damages, including, but not limited to potential punitive damages in light of YGF's allegations of fraud. In fact, the Prayer for Relief of YGF expressly leaves open, in addition to $50,000.00, attorney's fees and other damages, "any other and further relief, both at law and in equity, to which [YGF] may show itself justly entitled. Arguably, unless YGF believed that it might somehow be entitled to "substantial" and "significant" attorney's fees, lost profits and other, including potentially, fraud-based punitive, damages, YGF

would have had no reason to state such claims in its Complaint. The fact that YGF now, as a result of Defendant's Removal action, expressly has agreed to limit the damages and amounts sought against Defendants does nothing to obviate the fact that the original Complaint, upon which this Removal action must be assessed, requested such higher level of damages.[4]

### YGF Cannot Ignore Its Original Complaint That Demanded Significant and Substantial Attorney's Fees Based On The Federal Case Settlement Agreement

If attorney fees are recoverable by Plaintiff (by statute or contract), the fee claim is included in determining the amount in controversy. See Grant v. Chevron Phillips Chem. Co. L.P., 309 F.3d 864, 874 (5th Cir. 2002). Impressively, though attempting to disguise this reality, even YGF's own Response admits that attorney's fees sought in its Original Complaint must be taken into account to determine the amount in controversy for Diversity Jurisdiction purposes. See Page 6 of Response.

With due respect, and granted that Defendant has not read a lot of federal court pleadings, it astonishes Defendant how YGF first tells this Court that attorney's fees may not be taken into account to determine the $75,000.00 required for diversity; then cites case law to show that it should for this case; then concocts an argument that seems to say that only those attorney's fees expended as of the Removal request may be taken into account; and then attempts to explain away – without doing away with – the fact that its own original Complaint asks for attorney's fees, which YGF, itself, characterizes as "substantial" and significant."

---

[4] Though Defendant appreciates the fact that YGF has now formally agreed and gone on record with this Court to limit any damages it has or may seek against Defendants, that still does not change the fact that the original Complaint of YGF – the seminal pleading and document upon which this Court must assess Removal – sought higher damages.

Regardless of what YGF now alleges, the fact is that the agreement upon which Diversity lies – the Federal Case Settlement Agreement – calls for attorney's fees arising out of or related to the enforcement action. The Federal Case Settlement Agreement does not limit such attorney's fees to the amount thus far claimed at the point of Removal.

Further, Defendant understands that YGF's attorney may bill out at as much as $400.00 per hour – or, at the very least, tout that fact. That means that, in order to accrue $25,000.00 in attorney's fees, YGF's counsel would only need to expend some 75 hours of work – less than two weeks of billable hours.

It is more than common sense to understand simple business numbers. YGF's counsel would need to expend that much time, and in fact much more, to litigate this case. Even this Defendant knows that, to prepare for and try this case, substantial efforts are needed by YGF's attorney to litigate and try this case. He will need to respond to Defendant's various Motions, including to dismiss for lack of personal jurisdiction and for the disqualification of YGF's counsel as a witness to these proceedings, as well as others that will be presented against YGF and/or its attorney in this case. He will need to conduct discovery and depositions. He will need to get on the Metro or take a bus – or, if he has car, drive to the Court to attend case management and other hearings relating to this matter. That does not even take into account other members of his firm that will be working on this case, which YGF's own attorney seems to think is so critically substantial and important, resulting from some sort or type of "frivolous action" on the part of Defendants. And, when a case is filed, the attorney on that case necessarily needs to expect that the case may well get tried. So, once again, using basic business math – not to mention the case that we are talking D.C. attorney billable rates -- it must reasonably be expected that the attorney's fees in the Original

Complaint (though now waived by YGF's attorney in the Removal Response) exceed the amount required for Diversity Jurisdiction.

Other Damages Sought By YGF In Its Original Complaint Establish Diversity Jurisdiction

Moreover, Defendant respectfully reminds YGF that, although it now wants to change the steep damages referenced in its Original Complaint, it cannot change the fact that its Original Complaint, upon which this Removal action must be assessed, referenced and effectively requested a wide and substantial array of damages well beyond $50,000.00. Among such damages referenced in the Original Complaint were lost profits and, based upon various allegations of fraud, punitive damages.

Conclusion

For the foregoing reasons, this Court has Diversity Jurisdiction over this matter. In addition to the $50,000.00 claimed by YGF, YGF, in its Original Complaint, requested "substantial" and "significant" attorney's fees, lost profits, and, based on fraud allegations, other damages, including potential punitive damages against Defendants. Accordingly, the fact that YGF now has agreed to limit its damages does not change the fact that this Removal action is based upon the Original Complaint that must be read to include such high level of damages.

YGF Cannot Have It Both Ways Regarding MGF Holdings Consent For Removal

Either YGF needs to admit that it acted frivolously when alleging in its Original Complaint that Defendant Ms. Collinsworth is the *alter ego* of MGF Holdings, or it needs to admit that it has acted frivolously now in filing its Response alleging that Consent for Removal from MGF Holdings was required.

If you are the same person then you should not need consent from the company.

Once again, this Court has the obligation to assess Removal based on the face of the Complaint presented by YGF, regardless of whether the Complaint is meritorious, in full, in part, or otherwise – and regardless of the fact that YGF stands to face liability in this action.

It is more than ironic that YGF, through its Response, now alleges that Removal is improper due to the fact that MGF Holdings has not given consent for Removal.

Why is that ironic?

Well, look at the Original Complaint. In the Original Complaint, YGF alleges that Defendant Ms. Collinsworth is the *alter ego* – that is, same – as MGF Holdings. That was the Original Complaint. Then, Defendant Ms. Collinsworth files this action for Removal. Now, YGF seems to be saying that MGF Holdings is not the same as Defendant Ms. Collinsworth.

Clearly and simply, YGF cannot have it both ways. Either YGF believes that MGF Holdings is a separate and distinct legal entity from Defendant Ms. Collinsworth, in which case no action would have ever been filed against Defendant Ms. Collinsworth. Or YGF believes that Defendant Ms. Collinsworth is the same as MGF Holdings, in which case no Consent by MGF Holdings is necessary or that such Consent automatically resulted by the Removal action on the part of Defendant Ms. Collinsworth.

On this point, Defendant Ms. Collinsworth does not admit to being the same as MGF Holdings. Notwithstanding, based upon the face of the Original Complaint, there should be no objection by YGF – based on its *alter* ego allegations – as to the Removal of this case by Defendant Ms. Collinsworth, herself. Further, despite all of this and regardless of what YGF seems to think, a corporate resolution was passed by shareholder approval on the part of MGF Holdings to Consent to the Removal of this

case, as of the date it was Removed by Defendant Ms. Collinsworth. Such shareholder approval, in addition to Defendant Ms. Collinsworth as chief executive of MGF Holdings, was based upon the action of agents authorized to act for and on behalf of MGF Holdings.

Conclusion

For the foregoing reasons, YGF cannot defeat Removal based on Consent from MGF Holdings. YGF effectively waived any and all rights to such argument in its Original Complaint by alleging without substance that Defendant Ms. Collinsworth was and/or is the *alter ego* of MGF Holdings.

**Conclusion**

YGF's Response to this Court's Show Cause Order is frivolous.

YGF's own Complaint, as well as its own Response, establishes not only why this action is properly Removed to this Court. However, YGF's own pleadings show why it was improper for it to have attempted to skirt this Court's original jurisdiction of this case. This matter is based on a Federal Case and its consequent Federal Case Settlement Agreement. It is as a result of federal trademark litigation that originally was filed and litigated by the same parties to this action in this Court.

Regardless of how YGF wants to manipulate the words of its Original Complaint, it cannot withstand the fact that its Original Complaint laid claim to much more than just $50,000.00. In fact, such Original Complaint made express reference to "significant" and "substantial" attorney's fees, lost profits and, to the extent of fraud allegations, even punitive damages. It is that Original Complaint, and not YGF's about-face, upon which this Court must assess the Removal of this matter to it.

Finally, the issue of Consent to Removal by MGF Holdings is absurd. YGF alleges in its Original Complaint, upon which this Removal action must be assessed, that the party filing for Removal is the same as the entity that it now states did not provide Consent for Removal. In any event, had YGF checked its facts, it would have found that MGF Holdings agreed to the Removal of this action as of the time it was sought for Removal.

**EXHIBIT 1**