UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOUR GIRL FRIDAY, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-0385 (ESH) |
| MGF HOLDINGS, Inc., *et al.*, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

On January 27, 2006, plaintiff Your Girl Friday, LLC, filed a complaint in the Superior Court of the District of Columbia, alleging that defendants MGF Holdings, Inc. and its chief officer Julie Collinsworth had breached a settlement agreement stemming from a trademark dispute previously pending before this Court. (*See MGF Holdings, Inc. v. Your Girl Friday, LLC*, Civ. No. 05-1338 (D.D.C.).) Following service, *pro se* defendant Collinsworth filed a notice of removal with the Court under 28 U.S.C. § 1446, contending that jurisdiction was proper under 28 U.S.C. §§ 1331, 1332, and 1367. Having considered the parties' responses to the Court's March 20, 2006 Order to Show Cause, the Court will remand the case to the Superior Court of the District of Columbia.

In her notice of removal, Collinsworth first contends that the case falls within the Court's federal question jurisdiction as a result of its relation to the prior trademark dispute between the parties. (*See* Notice of Removal ¶ 3.) On July 5, 2005, defendant MGF Holdings, Inc. filed a trademark infringement action against plaintiff in this Court, alleging that Your Girl Friday was

acting in violation of defendant's right to the mark "My Girl Friday." (*See MGF Holdings, Inc.*, Civ. No. 05-1338 (Jul. 5, 2005) (complaint).) Following plaintiff's assertion of a number of counterclaims, the parties entered a September 9, 2005 "interim enforceable agreement" providing that MGF Holdings would pay Your Girl Friday $50,000 and that Your Girl Friday would refrain from using any mark confusingly similar to "My Girl Friday." (*See* Def's Rep. Ex. 1.) The agreement also entitled the prevailing party in any enforcement action to "reasonable attorneys' fees, costs, and expenses arising out of or related to the enforcement action." (*Id.*) Plaintiff later dismissed its counterclaims voluntarily, and the case was terminated on January 26, 2006. (*See MGF Holdings, Inc.*, Civ. No. 05-1338 (Jan. 26, 2006).)

According to defendant, plaintiff's breach of contract action "refers and relates to [the] federal trademark rights and obligations of the various parties," therefore bringing it within the Court's federal question jurisdiction. (*See* Notice of Removal ¶ 3.) Defendant notes that plaintiff's complaint repeatedly references the parties' trademark dispute and cites a provision of the settlement agreement providing that "neither party shall object to the addition of any causes of action arising out of or related to [the contract] . . . [i]n the event the [trademark] matter is placed back onto the Court's docket." (Def.'s Rep. at 4.) While defendant is undoubtedly correct that the present case bears a "connection to a[] federal action" (*id.*), this connection does not transform plaintiff's contract claim into a federal question. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising

under the Constitution, laws, or treaties of the United States.")  Notably, defendant has failed to identify any federal question raised by plaintiff's complaint, relying instead on the much-repeated assertion that "the . . . matter at hand *is because of* the Federal Case and the Federal Case Settlement Agreement that was reached between the parties as a result of, because [of] and due to the Federal Case."  (Def.'s Rep. at 6 (emphasis in original).)  Removal cannot, therefore, be supported on the basis of 28 U.S.C. § 1331.

Defendant's related suggestion that this case is cognizable under the Court's supplemental jurisdiction is also without merit.  As already noted, the "question and issue of [the] federal trademark and intellectual property rights of the parties" (*see* Notice of Removal ¶ 5) is no longer pending before this Court.  There is, in short, no claim to supplement.  Moreover, an assertion of supplemental jurisdiction would be inappropriate here as the parties' trademark and breach of contract claims turn on separate facts.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that, for purposes of pendent jurisdiction, "state and federal claims must derive from a common nucleus of operative fact"); *see also* 28 U.S.C. § 1367(a) (providing for "supplemental jurisdiction over all other claims that are so related to claims in the action within [a district court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").  Accordingly, removal may not be premised on 28 U.S.C. § 1367.

Defendant also argues that the Court has original jurisdiction under the diversity statute.  As the diversity of the parties is not in dispute, the only question is whether the amount here in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."  *See* 28 U.S.C. § 1332(a).  Such a demand is not apparent on the face of plaintiff's complaint, which

requests "judgment in the amount of $50,000.00, plus" -- consistent with the settlement agreement -- "reasonable attorneys' fees, costs, and expenses; pre- and post-judgment interest; and, any other and further relief, both at law and in equity, to which Plaintiff may show itself justly entitled." (Compl. at 14.) In her Notice of Removal, defendant nonetheless argues that the amount in controversy is "well in excess of $75,000," citing the complaint's "allegations pertaining to fraudulent representation and concealment of material facts." (Notice of Removal ¶ 4.) In her reply to plaintiff's response to the Court's show cause order,[1] defendant further contends that the requisite jurisdictional amount is met due to plaintiff's request for attorneys' fees, suggesting that plaintiff's attorney "may bill out at as much as $400.00 per hour" and thus "in order to accrue $25,000.00 in attorney's fees, YGF's counsel would only need to expend some 75 hours of work." (*See* Def.'s Rep. at 8-9.)

Because of the substantial federalism concerns raised by a federal court's exercise of jurisdiction over a removed case, *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941), all doubts regarding the existence of removal jurisdiction must be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Nwachukwu v. Karl*, 223 F.Supp. 2d 60, 66 (D.D.C. 2002); *Anile Pharmacy, Inc. v. Hoffman-Laroche, Inc.*, 2000 U.S. Dist. LEXIS 11348, *19 (D.D.C. Feb 1, 2000). Defendant has failed to meet her burden of demonstrating the propriety of removal in this case. *See Johnson-Brown v. 2200 M*

---

[1] Defendant's Notice of Removal did not raise plaintiff's potential attorneys' fees in attempting to establish the amount in controversy. *See* Notice of Removal ¶ 4. Though jurisdiction must be established in the notice of removal, *see, e.g., Coca-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.*, 198 F.Supp. 2d 1280, 1283 (D. Kan. May 9, 2002) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)) ("[T]he movant must meet its burden in the notice of removal, not in some later pleading."), the Court will here consider those arguments raised by defendant in her subsequent reply.

*Street LLC*, 257 F.Supp. 2d 175, 177 (D.D.C. 2003). While plaintiff's complaint does contain allegations of fraud and concealment, they are included in an attempt to establish defendant Collinsworth's individual liability for acts taken as an officer of defendant MGF Holdings; plaintiff has not requested punitive damages nor raised any claims based on fraud. (*See* Def.'s Rep. Ex. 1.) With regard to the amount of attorneys' fees available to plaintiff under the settlement agreement for seeking enforcement of the contract,[2] *see, e.g., Brand v. Gov. Employees Ins. Co.*, 2005 WL 3201322, *6 (D.D.C. Nov. 29, 2005) ("'The general rule is that attorneys fees do not count towards the amount in controversy unless they are allowed for by statute or contract.'") (quoting *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003)), defendant's conjecture regarding the possible amount of fees is inadequate to support an assertion of diversity jurisdiction in this case. *Cf. Hohn v. Volkswagen*, 837 F.Supp. 943, 945 (C.D. Ill. 1993) (declining to exercise removal jurisdiction where plaintiffs' complaint included a "wholly unquantified and ambiguous claim for punitive damages," as "jurisdiction cannot be based upon probabilities, surmise or guesswork"). Under the terms of the settlement agreement, the prevailing party in any enforcement action is entitled to "reasonable attorneys' fees." (Def.'s Rep. Ex. 1.) In light of plaintiff's $50,000.00 demand, defendant's speculative contention that plaintiff's reasonable attorneys' fees might exceed $25,000.00 is

---

[2]Contrary to defendant's suggestion, the fees and costs sought do not include those incurred by plaintiff in defending itself against defendant MGF Holding's prior trademark case. (*See* Compl. ¶ 57 ("Pursuant to Paragraph 8 of the Agreement, Plaintiff is entitled to 'reasonable attorneys' fees, costs, and expenses arising out of or related to' an action to enforce the Agreement. To date, Plaintiff has incurred reasonable attorneys' fees, costs, and expenses to enforce its rights under the Agreement.").)

inadequate to establish the requisite amount in controversy under the diversity statute.[3] *See Brown v. Niagra Fire Ins. Co.*, 132 F.Supp. 509, 510 (W.D. Mo. 1955) (jurisdictional amount not shown where defendant suggested a possible reasonable attorney's fee of approximately 36% the maximum possible recovery under an insurance policy). Removal, therefore, cannot be based on 28 U.S.C. § 1332.

Because the Court is without subject matter jurisdiction over plaintiff's complaint, it will remand this case to the Superior Court of the District of Columbia.

                                        /s
                                    ELLEN SEGAL HUVELLE
                                    United States District Judge

Date: April 18, 2006

---

[3] As attested to by plaintiff, as of the date of removal, plaintiff had incurred only $1,640.76 in fees and expenses. (*See* Pl.'s Response Ex. 3.)